EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ ROSARIO GELPÍ y JOSÉ RAFAEL GELPÍ, demandados y apelantes.

Núm. 8009.—*Sometido:* Abril 3, 1941. *Resuelto:* Junio 25, 1941.

*Gelpí & Gelpí,* abogados de los apelantes; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Los abogados José Rosario Gelpí y José Rafael Gelpí apelan de la sentencia que les condenó a pagar $100 de multa o en su defecto a cumplir un día de cárcel por cada dólar que dejasen de satisfacer, sin exceder el término de treinta días de cárcel, que les impuso la Corte de Distrito de Mayagüez como consecuencia de haberlos declarado culpables de desacato con motivo de las manifestaciones que hicieron en cierta moción presentada en la corte inferior solicitando la inhibición del juez de dicha corte y el traslado del caso civil núm. 783 de Neftalí Vidal Garrastazú y Juana Garrastazú contra Juan A. Monagas *et als,* sobre nulidad y otros extremos. En su alegato los apelantes imputan a la corte inferior la comisión de veintinueve errores. El Fiscal de este tribunal en su informe solamente discute los errores segundo y tercero, por considerar que la situación de hecho y de derecho que surge de la actuación de la corte inferior levan-

tada por esos dos señalamientos de error, le obligan a exponer al tribunal su criterio de que la sentencia apelada debe ser revocada y el caso devuelto al tribunal inferior para que se decrete el traslado del caso de desacato que solicitaron los apelantes. Estos, en un alegato adicional que radicaron, solicitan que este tribunal resuelva el caso no solamente tomando como base los errores segundo y tercero sino también los que llevan los números noveno, décimo, undécimo y décimotercero en los que se discute la excepción perentoria formulada contra la acusación, y el décimosexto en el que se discute la negativa a una moción de *nonsuit*.

En los señalamientos segundo y tercero se alega que la corte inferior erró al cometer abuso de discreción judicial cuando declaró sin lugar la moción de los acusados apelantes por la cual solicitaron que el caso de desacato fuera trasladado a otro juez o tribunal, y al no permitirles presentar prueba para sostener dicha moción.

Por los señalamientos noveno a décimotercero se alega que la corte inferior erró al declarar sin lugar la excepción perentoria por la que los querellados solicitaron la desestimación de la acusación u orden para mostrar causa, fundándose en que los hechos alegados en su contra no son constitutivos de desacato por no estar comprendidos en ninguno de los apartados del artículo 1 de la vigente Ley sobre Desacato.

Es obvio que si la acusación u orden para mostrar causa contiene o no hechos suficientes es una cuestión fundamental que debemos resolver aun cuando se hubieran cometido los otros errores de procedimiento que se refieren al traslado y a la negativa del juez a admitir prueba para sostenerlo. La resolución de los errores segundo y tercero no dejaría terminado el asunto y no debemos prolongar el mismo innecesariamente si la cuestión fundamental planteada puede resolverlo definitivamente.

■■ Los hechos que dieron lugar a este procedimiento de desacato fueron los siguientes:

Estando pendiente de verse una moción eliminatoria presentada por los demandados en el caso civil núm. 783, **supra,** los Licenciados Gelpí & Gelpí, como abogados de los demandantes, radicaron una moción en la corte inferior solicitando la inhibición del juez de dicha corte, Hon. Francisco Navarro Ortiz y el traslado del caso a otra corte. Dicha moción en cuanto se refería al juez de la corte inferior, dice así:

"Comparecen los demandantes, por sus abogados que suscriben, ante V. H., como Juez de esta corte de distrito, y respetuosamente alegan:

"*Primero:* Que el demandado don Juan A. Monagas y los demandados Rebecca, Aníbal y Eva Monagas y de la Rosa y los menores Jorge, Giselda y Diego García y Monagas, representados estos últimos por su legítimo padre don Jorge García Cabassa, tienen presentadas en este pleito mociones eliminatorias de tal amplitud y naturaleza que de ser declaradas con lugar se privaría a los demandantes de seguir adelante su acción, ya que las mismas tienden a matar el presente pleito; mociones que han sido señaladas para vista el día veinte del corriente mes y año, a solicitud de los propios demandados, demostrando así dichos demandados un gran empeño e interés en que las mismas sean resueltas por el Hon. Francisco Navarro Ortiz, Juez de esta corte.

"*Segundo:* Que los abogados de los demandantes, Sres. Gelpí & Gelpí, y el Juez de esta corte, Hon. Francisco Navarro Ortiz, son enemigos irreconciliables, debido a que uno de dichos abogados le formuló personalmente cargos a dicho Juez, tendientes a su destitución como tal Juez de la Corte de Distrito de Mayagüez y que dicho Juez fué a declarar como testigo de cargo en ciertos cargos administrativos que formulara el Hon. Gobernador de Puerto Rico a la señora Emma V. Gelpí de Nieva, como Secretaria de la corte de este distrito judicial, con el propósito de destituirla, cargos, que según información y creeencia, fueron inspirados por y en ellos intervino el citado Juez, Hon. Francisco Navarro Ortiz.

"*Tercero:* Que los demandantes tienen temor razonable de que debido a las relaciones de manifiesta enemistad personal del Juez de esta corte, Hon. Francisco Navarro Ortiz, con los abogados de los demandantes, Sres. Gelpí & Gelpí, de lo que tienen conocimiento los demandados y su abogado, señor José Sabater, tal enemistad pueda influir y seguramente influirá en la decisión de dicho Juez al resolver dichas mociones eliminatorias, ya que el prejuicio y la par-

cialidad del referido Juez contra los abogados de los demandantes (quienes tampoco son amigos de dicho Juez), es pública y notoria, reflejándose esta pasión y parcialidad en decisiones del expresado Juez en pleitos en los que han sido abogados los que lo son de los demandantes en el presente.

"*Cuarto:* Que los demandantes no habían solicitado antes de este momento la inhibición del expresado Juez o el traslado de este caso debido a que los demandantes confiaban en que el propio Juez, a su iniciativa, conociendo como conoce este estado de cosas, se inhibiría o promovería lo concerniente al traslado, sin dar lugar a que los demandantes tuvieran que hacerlo, como se han visto obligados a hacerlo por la presente moción.

"*Quinto:* Que según información y creencia de los abogados de los demandantes, el Lic. Miguel A. García Méndez, que no aparece como abogado de récord de ninguna de las partes en este caso, a espaldas de los abogados de los demandantes ha venido interviniendo y haciendo gestiones con dichos demandantes, personalmente, a fin de obligarlos a llevar a cabo una transacción con los demandados, sumamente perjudicial a los intereses de éstos, haciéndoles presión moral con amenazas de tal naturaleza, como la de que dicho abogado, señor García Méndez, va a intervenir en el pleito a favor de los demandados; que los abogados Gelpí & Gelpí, de los demandantes, no están capacitados para ganar este pleito; que las alegaciones de la demanda están mal hechas; que él (García Méndez) con su influencia, de no hacer los demandantes la transacción que les propuso o de no quitar a los Lics. Gelpí & Gelpí como sus abogados, van a perder el pleito; todo ello tendiente a crear en el ánimo de los demandantes una fuerte animosidad contra estos abogados.

"*Sexto:* Que todas esas circunstancias unidas a la influencia preponderante que el señor Miguel A. García Méndez ejerce en el ánimo del Juez de Distrito, la que es públicamente comentada, el interés de perjudicar dicho abogado a estos abogados y la hostilidad manifiesta del Juez de esta corte, Hon. Francisco Navarro Ortiz, contra los mismos, dan motivos más que razonables para que los demandantes crean de buena fe que no pueden tener en esta corte un juicio justo e imparcial."

El juez de la corte inferior consideró que prima facie el lenguaje usado por los abogados en la moción era irrespetuoso y atentatorio a la dignidad e integridad de la corte y de su juez y constitutivo de conducta desdeñosa e insolente

hacia el tribunal y su juez porque el lenguaje usado en el hecho tercero, supra, parecía "envolver crítica injuriosa de las sentencias dictadas por la corte en otros casos en que eran abogados los querellados y porque la moción tenía el propósito de interrumpir los procedimientos normales de la corte" y como consecuencia, dictó una orden contra ellos para que comparecieran el día 30 de junio de 1938 a exponer las razones, si algunas tenían, por las cuales no debían ser condenados por desacato a la corte.

Al comparecer los querellados en dicho día presentaron una moción solicitando el traslado del procedimiento sobre desacato a otro tribunal, alegando para ello la enemistad irreconciliable existente entre el Juez Sr. Navarro y los querellados debido a los mismos motivos que ya habían alegado en su moción de inhibición, supra, y por entender que no podían tener un juicio justo e imparcial ante la corte inferior. Declarada sin lugar dicha moción, los querellados formularon una excepción perentoria contra la querella al efecto de que los hechos alegados en la misma no son constitutivos del delito de desacato según se define en los distintos apartados del artículo 1 de la "Ley definiendo el delito de desacato y disponiendo la pena correspondiente" aprobada el 12 de mayo de 1937 (Leyes de 1936–37, pág. 250).

Después de argumentada esta excepción perentoria por las partes la corte inferior la declaró sin lugar, por el fundamento siguiente:

"Hon. Juez: La corte, resolviendo esta excepción perentoria, declara que la orden contiene hechos suficientes para constituir causa de acción en relación con la Ley núm. 102 aprobada por la Asamblea Legislativa de Puerto Rico en el año 1937, *especialmente en el apartado tercero de la misma,* y declara sin lugar la excepción perentoria." (Itálicas nuestras.)

El apartado tercero de la sección 1ª. de la Ley núm. 102 aprobada el 12 de mayo de 1937, a que se refiere el juez de la corte inferior en su resolución, dice así:

"Sección 1.—La Corte Suprema, las cortes de distrito, las cortes municipales y de paz y cualquier tribunal análogo o semejante, debidamente establecido en Puerto Rico y la Comisión Industrial de Puerto Rico, tendrán facultad para castigar por desacato a toda persona culpable de cualquiera de los actos siguientes:

"1.    .    .    .    .    .    .    .    .

"2.    .    .    .    .    .    .    .    .

"3. Crítica injuriosa o infamatoria de los decretos, sentencias, órdenes o procedimientos de cualquier tribunal, incluyendo la Comisión Industrial de Puerto Rico, *publicada en algún impreso, periódico u hoja suelta para su circulación, tendente a desacreditar injustamente al tribunal o alguno de sus miembros.*" (Itálicas nuestras.)

Esta disposición en nuestra Ley sobre Desacato se refiere expresa y claramente a aquellos casos en que se hace circular por medio de algún impreso, periódico u hoja suelta crítica injuriosa o infamatoria de los decretos, sentencias, órdenes o procedimientos de cualquier tribunal, tendente a desacreditar injustamente al tribunal o alguno de sus miembros.

¿Puede sostenerse que una moción de inhibición y traslado radicada por un abogado a nombre de su cliente en una acción civil pendiente ante un tribunal, es el "impreso, periódico u hoja suelta" a que se refiere la ley? La pregunta sólo puede contestarse en la negativa. Ese precepto legal no sólo se refiere a los desacatos constructivos cometidos por medio de impresos, periódicos u hojas sueltas sino que requiere que haya habido la publicación y circulación de los mismos con el fin de desacreditar injustamente al tribunal o alguno de sus miembros. Una moción solicitando la inhibición del juez y el traslado del caso por motivos de pasión y prejuicio del juez y porque no se puede obtener un juicio imparcial ante él, es un documento que se radica por el abogado de una parte ejercitando el derecho que le reconoce el artículo 83 del Código de Enjuiciamiento Civil en sus incisos 2 y 4 que disponen lo siguiente:

"Artículo 83.—La corte podrá, previa moción, cambiar el lugar del juicio en los siguientes casos:

"1.   .   .   .   .   .   .   .   .

"2. Cuando hubiere motivo para creer que un juicio imparcial no puede celebrarse allí.

'  3.   .   .   .   .   .   .   .   .

"4 Cuando por cualquier motivo el juez estuviere incapacitado para entender en el asunto."

En el caso de *Peña* v. *García,* 45 D.P.R. 44 este tribunal resolvió que:

"Cuando de la declaración jurada de un litigante, fundada en que no podrá obtener un juicio justo e imparcial ante el juez debido al prejuicio o parcialidad de éste, aparecen hechos bastantes para demostrar prima facie la procedencia y conveniencia de que dicho juez se abstenga de actuar, éste debe hacerlo decretando el traslado del caso dentro del artículo 83 del Código de Enjuiciamiento Civil, no empece que esté dispuesto a proceder de una manera justa e imparcial."

En este caso las razones que adujo Peña para solicitar el traslado se basaron precisamente en la enemistad irreconciliable que existía entre él y el juez con motivo de unos cargos que Peña le había formulado al Juez Sr. Arjona ante el Departamento de Justicia para que no fuera renominado como Juez de Distrito de Humacao. Este caso reconoció el derecho que tiene todo litigante a solicitar el traslado de su caso cuando, por motivos de prejuicio o parcialidad por parte del juez que preside la corte, no puede obtener un juicio justo e imparcial. Se resolvió además, expresamente lo siguiente:

"Si bien la parcialidad o prejuicio del juez hacia un litigante no es causa de inhibición dentro del artículo 23 del Código de Enjuiciamiento Civil, sin embargo, tal causa es una que le incapacita para ejercer la función de juzgador dentro del inciso 2 en relación con el 4 del artículo 83 del Código de Enjuiciamiento Civil."

De manera que, reconocido el derecho a solicitar el traslado del caso por prejuicio o parcialidad del juez, no puede sostenerse que la presentación de una moción solicitando dicho traslado y alegando bajo juramento las razones en que se funda el peticionario para dejar demostrado dicho pre-

juicio y parcialidad constituya desacato a la corte si el lenguaje usado en la moción es respetuoso. La doctrina general está expuesta en 17 C. J. S. 39 en la forma siguiente:

"Declaraciones juradas o mociones solicitando la inhibición del juez o el traslado del caso. Bajo algunas circunstancias la radicación de una declaración jurada, moción o petición solicitando la inhibición del juez por motivo de un alegado prejuicio o parcialidad, o pidiendo el traslado del caso, es suficiente para constituir desacato, como, por ejemplo, cuando se hace falsa, ilegal y maliciosamente, o cuando está redactada en un lenguaje irrespetuoso y despreciativo impugnando la honestidad y la integridad de la corte. *Generalmente, sin embargo, la mera radicación o presentación de buena fe de tal declaración jurada o moción, redactada en lenguaje respetuoso y presentada en forma digna, no constituye desacato, especialmente cuando el estatuto reconoce el prejuicio o la parcialidad como base para una inhibición.*" (Itálicas nuestras.)

La jurisprudencia en los Estados Unidos está dividida en cuanto a qué alegaciones contenidas en una moción de inhibición o de traslado, por motivo de pasión o prejuicio del juez de una corte, constituyen desacato. Sin embargo, la mayoría sostiene que cuando existe un estatuto autorizando el traslado de un caso por dichos motivos, lo que impediría la celebración de un juicio justo e imparcial, la presentación de una moción alegando en forma respetuosa los motivos y solicitando el traslado, no constituye desacato. Véase la monografía en 29 A.L.R. 1273.

En Puerto Rico, de acuerdo con el artículo 83 del Código de Enjuiciamiento Civil y lo resuelto en el caso de *Peña* v. *García,* supra, puede solicitarse el traslado de un caso fundado en la parcialidad o prejuicio del juez hacia un litigante. De manera, que el hecho de que un abogado, a nombre de su cliente, exponga bajo juramento en forma respetuosa los hechos en que basa dicho prejuicio o parcialidad, no puede considerarse, *per se,* constitutivo de desacato.

■ Las alegaciones contenidas en la moción radicada por los querellados en el caso núm. 783, supra, se refieren, primero, a una situación de enemistad personal irreconciliable exis-

tente entre ellos y el juez Sr. Navarro, y segundo, a la información que tenían dichos querellados de que otro abogado, que no representaba a ninguna de las partes, había intervenido aconsejando a sus clientes, los demandantes, para que transaran el caso con los demandados y que ese mismo abogado ejercía influencia en el ánimo del juez, y que, debido a estos hechos, no podían los demandantes obtener un juicio justo e imparcial.

A los querellados debió concedérseles la oportunidad de probar los hechos alegados en su moción y de resultar estos falsos y maliciosos entonces haberse procedido en su contra de acuerdo con la ley. De ser ciertas las alegaciones contenidas en la moción los demandantes en el pleito tenían derecho a solicitar y obtener la inhibición del juez o traslado del caso.

La excepción perentoria estuvo bien formulada y debió declararse con lugar.

*Se declara con lugar el recurso, se revoca la sentencia apelada y se absuelve a los querellados.*